UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.:
M. & G. PACKAGING CORP.,

                            Plaintiff,          **COMPLAINT**
       - against -

JEST TEXTILES, INC., and KERRY FORSDAHL,
                                          JURY TRIAL DEMANDED
                          Defendants.
---------------------------------------------------------------X

      Plaintiff, M. & G. PACKAGING CORP., by its attorney, THE LAW OFFICE OF ADAM D. GLASSMAN, P.C., as and for its Complaint, states and alleges as follows, all upon information and belief:

## JURISDICTION AND VENUE

      1.     Plaintiff M. & G. Packaging Corp. (hereinafter "M&G" or "Plaintiff") is a corporation duly formed and existing by virtue of the laws of the State of New York.

      2.     Plaintiff's principal place of business is located at 99 Seaview Boulevard Suite 1D, Port Washington, in the County of Nassau, State of New York.

      3.     Defendant, Jest Textiles, Inc. (hereinafter "Jest"), is a corporation duly formed and existing by virtue of the laws of the State of New Jersey.

      4.     Jest is duly authorized to conduct business in the State of New York.

      5.     Jest's principal place of business is located at 13 Mountainside Avenue, Mahwah, New Jersey 07430.

      6.     That Jest is a closely held corporation.

      7.     Defendant, Kerry Forsdahl (hereinafter "Forsdahl"), is an individual who resides at 13 Mountainside Avenue, Mahwah, New Jersey 07430.

1

8. Defendant Forsdahl is the sole shareholder of Jest.

9. Defendant Forsdahl is a shareholder of Jest.

10. Defendant Forsdahl is the sole director of Jest.

11. Defendant Forsdahl is a director of Jest.

12. Defendant Forsdahl is the sole officer of Jest.

13. Defendant Forsdahl is an officer of Jest.

14. That this action falls within the jurisdiction of this court by virtue of 28 U.S.C. § 1332, since the subject matter of the action exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

15. That venue is appropriate herein pursuant to 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the subject action occurred within this judicial district.

**FIRST COUNT (FRAUD IN THE INDUCEMENT, TRANSACTION # 1)**

16. In early April 2020, Jest, via Forsdahl, offered to sell M&G 1,500,000, 3-ply disposable surgical masks ("masks") for the sum of $855,000.00.

17. That Defendants solicited M&G's business in the State of New York.

18. Plaintiff, via company Vice President, Sunil Motwani, informed the Defendants that M&G would purchase such masks subject to them being delivered to M&G by the end of April 2020, time being of the essence.

19. The Defendants represented that they could deliver the masks within the required timeframe.

20. Defendants' representation to M&G, *to wit*, that delivery of the masks would be made within the above timeframe, was material to M&G.

21. That Defendants' representation was false.

22. That Defendants made such representation with knowledge of its falsity.

23. That Defendants made such representation with an intent to deceive M&G.

24. That M&G relied upon such representation and agreed to consummate the transaction, thereby creating an executory contract.

25. That Defendants' representation was false and fraudulent and/or was made by Defendants as part of a scheme or artifice to defraud M&G.

26. Pursuant to the terms of such agreement, M&G agreed to, and, in fact, did tender payment in full to Jest, via ACH, and as follows:

- $140,000.00 on April 10, 2020;
- $287,500.00 on April 13, 2020;
- $285,000.00 on April 16, 2020;
- $142,500.00 on April 20, 2020.

27. Upon payment in full by M&G to Jest, the contract became executed.

28. Despite the time of the essence closing date set forth in the contract, as of the end of April 2020, the Plaintiff had only received 1,075,000 of the masks from Jest.

29. Pursuant to Defendants' email communication of April 29, 2020 to Sunil Motwani and Charles Rick, President of M&G, the outstanding 425,000 masks were due to arrive at Los Angeles International Airport (LAX) on May 2, 2020 and, thereafter, they were to be delivered to the Plaintiff on May 3, 2020.

30. That such representation by the Defendants was false and fraudulent and/or was made by Defendants as part of a scheme or artifice to defraud M&G.

31. Despite such assurance by the Defendants, the masks were never delivered to the Plaintiff on May 3, 2020.

32. Upon Plaintiff having notified the Defendants of same, Defendants claimed that the remaining 425,000 masks had not been loaded onto the plane bound for arrival at LAX on May 2, 2020.

33. On May 5, 2020, Sunil Motwani informed the Defendants that due to M&G's time constraints, and in furtherance of its obligation to fulfill its customers' orders and mitigate its losses, M&G would have to order the remaining 425,000 masks from another supplier.

34. M&G further informed the Defendants at such time that it was cancelling its order.

35. Thereafter, M&G demanded a refund from Jest relative to the 425,000 undelivered masks.

36. In response thereto, the Defendants stated that the order could not be cancelled because the masks had already been manufactured.

37. That such representation by the Defendant was false and fraudulent and/or was made by Defendant as part of a scheme or artifice to defraud M&G.

38. Based upon the Defendants' false representation, the Plaintiff agreed to allow Defendant to deliver the 425,000 masks by May 20, 2020, time being of the essence.

39. That such representation by the Defendants was false and fraudulent and/or was made by Defendants as part of a scheme or artifice to defraud M&G.

40. That the Defendants also agreed to furnish the Plaintiff with a shipping credit of $25,500.00.

41. That such representation by the Defendants was false and fraudulent and/or was made by Defendant as part of a scheme or artifice to defraud M&G.

42. Despite the Defendants' assurance of a May 20, 2020 delivery date, the masks were never delivered to M&G.

43. To date, the Defendants have failed to provide Plaintiff with any update as to the whereabouts of the masks.

44. To date, the Defendants have refused to provide Plaintiff with any update as to the whereabouts of the masks.

45. On July 13, 2020, the Plaintiff, by its counsel, demanded in writing a refund in the amount of $242,250.00, such sum representing the cost of 425,000 masks at $.57 per mask.

46. Despite this demand, and in furtherance of their fraud, to date, the Defendants have failed to issue M&G a refund.

47. Each and every one of the foregoing representations made by Defendants to M&G was false and fraudulent and/or was made by Defendants as part of a scheme or artifice to defraud.

48. Each of these representations were known by Defendants to be false when made and were made with intent to deceive Plaintiff and with the intent that Plaintiff rely upon them and to induce Plaintiff to enter into the contract at the price and with the delivery schedule therein established.

49. The Defendants' representations were material and, at the time they were made, Plaintiff believed them and did not know the truth and in reliance thereon, Plaintiff was induced to enter into the aforementioned contract with Jest.

50. That Plaintiff has suffered significant financial losses as a direct and proximate result of the Defendants' fraud in the inducement.

51. In reliance upon the aforementioned representations, Plaintiff undertook the above referenced actions to its detriment.

52. By reason of the foregoing, Jest is liable to Plaintiff for damages, both compensatory and punitive.

53. Accordingly, Plaintiff demands judgment on this Count against Jest as follows:

- For compensatory damages, general and special;
- For punitive damages;
- For interest;
- For costs of suit; and
- For attorney fees.

**SECOND COUNT (BREACH OF CONTRACT, TRANSACTION # 1)**

54. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" to "45" above as if fully set forth herein.

55. That Jest's failure to deliver to M&G 425,000 of the 1,500,000 masks ordered constituted a material breach of contract.

56. That Jest's failure to deliver all of the masks ordered by the time of the essence closing date of late April 2020 constituted a material breach of contract.

57. That Jest's failure to deliver the remaining 425,000 masks by May 20, 2020 constituted a material breach of contract.

58. That due to Jest's material breach of contract, the Plaintiff was discharged of any further obligations under the contract as of the date of the Defendant's breach.

59. That Plaintiff has suffered significant financial losses as a direct and proximate result of the Defendant's material breaches of the subject contract.

60. By reason of the foregoing, Jest is liable to the Plaintiff for compensatory damages.

61. Accordingly, Plaintiff demands judgment on this Count against Jest as follows:

- For compensatory damages, general and special;
- For interest;
- For costs of suit; and
- For attorney fees.

**THIRD COUNT (FRAUD IN THE INDUCEMENT, TRANSACTION # 2)**

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" to "53" above as if fully set forth herein.

63. On April 9, 2020, the Jest, via Forsdahl, offered to sell M&G 30,000 genuine and FDA-approved N95 face masks for the sum of $73,500.00.

64. That such representation was material to M&G.

65. Plaintiff, via company Vice President, Sunil Motwani, informed the Defendants that M&G would purchase the masks since they were genuine and FDA-approved N95 masks.

66. That Defendants' representation was false.

67. That Defendants made such representation with knowledge of its falsity.

68. That Defendants made such representation with an intent to deceive M&G.

7

69. That M&G relied upon such representation and agreed to consummate the transaction, thereby creating an executory contract.

70. That Defendants' representation was false and fraudulent and/or was made by Defendants as part of a scheme or artifice to defraud M&G.

71. Pursuant to the terms of such agreement, M&G agreed to and, in fact, did tender payment in full to the Defendants, via ACH, in the amount of $73,500.00.

72. Upon payment in full by M&G to the Defendants, the contract became an executed one.

73. Thereafter, the masks were delivered by Jest, whereupon M&G sold such masks to various customers.

74. Shortly thereafter, M&G was notified by many of its customers that such masks were, in fact, counterfeit and not and FDA-approved N95 masks.

75. That M&G independently verified that the masks were counterfeit and not FDA-approved for use in the United States.

76. On May 12, 2020, Sunil Motwani notified the Defendants via telephone and email that the subject masks were counterfeit and requested a refund of $47,775.00 representing 19,500 masks remaining in M&G's possession at $2.45 per mask.

77. On July 13, 2020, the Plaintiff, by its counsel, demanded in writing a refund in the amount of $47,775.00, representing 19,500 masks at $2.45 per mask.

78. That Plaintiff offered to return the offending masks in its possession to the Defendant.

79. Despite such demand, and in furtherance of its fraud, to date, Jest has failed to issue M&G a refund.

80. That despite Plaintiff's offer to return the 19,500 masks to Jest, Jest has failed to accept the Plaintiff's offer to do so.

81. Each and every one of the foregoing representations made by Defendants to M&G were false and fraudulent and/or were made by Defendants as part of a scheme or artifice to defraud.

82. Each of these representations were known by Defendants to be false when made and were made with intent to deceive Plaintiff and with the intent that Plaintiff rely upon them and to induce Plaintiff to enter into the contract at the price and with the delivery schedule therein established.

83. The representations were material and, at the time they were made, Plaintiff believed them and did not know the truth and in reliance thereon, Plaintiff was induced to enter into the aforementioned contract with Jest.

84. That Plaintiff has suffered significant financial losses as a direct and proximate result of the Defendant's fraud in the inducement.

85. In reliance upon the aforementioned representations, Plaintiff undertook the above referenced actions to its detriment.

86. By reason of the foregoing, Jest is liable to Plaintiff for damages, both compensatory and punitive.

87. Accordingly, Plaintiff demands judgment on this Count against Jest as follows:

- For compensatory damages, general and special;
- For punitive damages;
- For interest;
- For costs of suit; and

- For attorney fees.

### FOURTH COUNT (BREACH OF CONTRACT, TRANSACTION # 2)

88. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" to "79" above as if fully set forth herein.

89. That Jest's failure to deliver to Plaintiff genuine and FDA-approved N95 masks constituted a material breach of contract.

90. That due to the Jest's material breach of contract, the Plaintiff was discharged of any further obligations under the contract as of the date of the Defendant's breach.

91. That Plaintiff has suffered significant financial losses as a direct and proximate result of the Defendant's material breach of the subject contract.

92. By reason of the foregoing, Jest is liable to the Plaintiff for compensatory damages.

93. Accordingly, Plaintiff demands judgment on this Count against Jest as follows:

94. For compensatory damages, general and special;

95. For interest; and

96. For costs of suit.

### FIFTH COUNT (UNJUST ENRICHMENT)

97. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" to "79" above as if fully set forth herein.

98. By Jest's misconduct, it has been unjustly enriched at Plaintiff's expense.

99. The circumstances are such that equity and good conscience require Jest to make full restitution to Plaintiff.

### SIXTH COUNT (PIERCING OF THE CORPORATE VEIL)

100. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" to "79" above as if fully set forth herein.

101. At all times hereinafter mentioned, Forsdahl was the sole shareholder of Jest.

102. At all times hereinafter mentioned, Forsdahl was the sole director of Jest.

103. At all times hereinafter mentioned, Forsdahl was the sole officer of Jest.

104. At all times hereinafter mentioned, Forsdahl was the sole employee of Jest.

105. At all times hereinafter mentioned, Forsdahl controlled all operations of Jest.

106. At all times hereinafter mentioned, Forsdahl managed all operations of Jest.

107. At all times hereinafter mentioned, Forsdahl maintained all operations of Jest.

108. At all times hereinafter mentioned, Forsdahl directed all operations of Jest.

109. At all times hereinafter mentioned, Forsdahl orchestrated all operations of Jest.

110. At all times hereinafter mentioned, Forsdahl controlled Jest to such a degree as to render Jest a mere agent and/or instrumentality of Forsdahl

111. At all times hereinafter mentioned, Forsdahl exercised her complete dominion and control over Jest so as to orchestrate and implement the aforementioned transactions, all in an effort to defraud the Plaintiff.

112. At all times hereinafter mentioned, Forsdahl exercised her complete dominion and control over Jest so as to orchestrate and implement the aforementioned transactions, all in an effort to hinder payment of the obligations owed to the Plaintiff pursuant to the aforementioned transactions.

113. At all times hereinafter mentioned, Forsdahl exercised her complete dominion and control over Jest so as to orchestrate and implement the aforementioned transactions, all in an

effort to delay payment of the obligations owed to the Plaintiff pursuant to the aforementioned transactions.

114. Jest is a corporation without assets, stripped of its assets by Forsdahl.

115. Imposing responsibility upon Forsdahl is necessary to achieve equity, in the presence of fraud, or even in the absence of fraud, since Forsdahl has exercised dominion and control over the daily operations of Jest and has acted as the true and prime mover behind Jest's wrongful actions and conduct.

116. Moreover, Forsdahl has knowingly, intentionally, and willfully under-capitalized Jest, thereby rendering it incapable of satisfying its obligations to the Plaintiff.

117. In view of the above, the Plaintiff is entitled to pierce Jest's corporate veil and pursue its claims directly against Forsdahl.

118. Accordingly, Plaintiff demands judgment on Counts One, Two, Three, Four, Five, and Six over and against Forsdahl, personally, as follows:

- For compensatory damages, general and special;
- For punitive damages;
- For interest;
- For costs of suit;
- For restitution; and
- For attorney fees.

**WHEREFORE**, upon the trial of the instant action, Plaintiff respectfully requests the following relief:

A. Judgment on Count 1 against the Defendants as follows:

1) For compensatory damages, general and special;

      2) For punitive damages;

      3) For interest;

      4) For costs of suit; and

      5) For attorney fees.

B. Judgment on Count 2 against Defendants as follows:

      1) For compensatory damages, general and special;

      2) For interest; and

      3) For costs of suit.

C. Judgment on Count 3 against Defendants as follows:

      1) For compensatory damages, general and special;

      2) For punitive damages;

      3) For interest;

      4) For costs of suit; and

      5) For attorney fees.

D. Judgment on Count 4 against Defendants as follows:

      1) For compensatory damages, general and special;

      2) For interest; and

      3) For costs of suit.

E. Judgment on Count 5 against the Defendants as follows:

      1) An order of restitution so as to avoid the unjust enrichment of the Defendants.

F. Judgment on Count 6 against Defendant Forsdahl as follows:

1) Piercing of Jest's corporate veil and the imposition of personal liability upon Forsdahl for:

    a. For compensatory damages, general and special;

    b. For punitive damages;

    c. For interest;

    d. For costs of suit;

    e. For restitution; and

    f. For attorney fees.

G. An order for such other and further relief as to the court may seem just and proper.

Dated: Hewlett Harbor, NY 11557
       September 28, 2020

_____
THE LAW OFFICE OF ADAM D. GLASSMAN, PC
By: Adam D. Glassman, Esq.
Attorney for Plaintiff
*M. & G. Packaging Corp.*
1389 Pleasant Place
Hewlett Harbor, NY 11557
(516) 778-1300 telephone
(516) 908-3746 fax
adam@the.glg.com email